# IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CRIMINAL NUMBER 4:19-cr-917-DCC |
| ) | |
| v.   ) | MOTION TO SUPPRESS |
| ) | (4th Amendment/Unlawful Search) |
| Javon Ladonte Seward,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

The Defendant, through undersigned counsel, moves to suppress any and all evidence obtained from a vehicle stop and subsequent search on August 8, 2019, by the Andrews Police Department. The Defendant was the driver of the vehicle searched on that date.

Further, the Defendant will move to suppress any and all evidence obtained from a vehicle stop and subsequent search on October 9, 2019, by the Georgetown County Sheriff's Office. The Defendant was also the driver of the vehicle searched on that date.

## BACKGROUND

On August 8, 2019, the Defendant was stopped for speeding. It was determined his South Carolina driver's license was suspended and the Defendant told the officers he was uninsured. According to the criminal complaint in the case, officers impounded the Defendant's vehicle and an inventory search was conducted. In that inventory search, a Crown Royal bag was found that contained two sandwich bags with a total of 50 individually wrapped bags containing a white, powdery substance believed to be heroin. The incident report states: "It was at this moment the officers placed the subject under arrest. The subject then handed a bag to another occupant of the vehicle and after further investigation, the bag contained two firearms. The officers seized these weapons as well as the two bags for evidence. After running an NCIC check on the firearms it

1

was discovered that 1 of the 2 firearms a Glock 19 black in color serial #XTX452 was reported stolen out of Georgia. The subject was transported to the Andrews Police Dept. where he was searched and discovered with a small bag containing a white rock like substance believed to be crack cocaine."

With regard to the October 9, 2019 stop, the Defendant again was stopped for speeding and it was determined that the Defendant's South Carolina driver's license was still suspended. Prior to his vehicle being towed, an inventory search of the vehicle was conducted. During that inventory search, a 9 mm pistol with an obliterated serial number was found. The pistol was not loaded; however, a magazine containing 7 rounds was located in the back pouch of the passenger seat.

The Defendant is now charged in a four-count indictment. In count 1, the Defendant is charged with violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); in count 2, the Defendant is charged with violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); in count 3 the Defendant is charged with violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i); and in count 4, the Defendant is charged with violation of 18 U.S.C. §§ 922(k), and 924(a)(1)(B).

The Defendant moves to suppress any evidence obtained in these inventory searches and any evidence derived from these inventory searches.

## LAW AND ARGUMENT

Inventory searches must be conducted according to standardized policies and procedures to prevent them from being utilized as "a ruse for a general rummaging in order to discover incriminating evidence" *Florida v. Wells*, 495 U.S. 1, 4 (1990) and *United States v. Brown* 787 F.2d 929, 932 (4th Cir. 1986). Further, for an inventory search to satisfy the Fourth Amendment,

these standardized procedures must be administered in good faith. *Colorado v. Bertine*, 479 US 367, 374 (1987).

In this case, it is unclear whether there were any standardized policies and procedures used regarding both the inventory searches. There is nothing in the discovery received to date that provides any evidence of standardized policies and procedures related to either inventory search. At the Defendant's bond hearing, the law enforcement agent testifying for the Government had no idea what protocol was used for the two inventory searches.

## CONCLUSION

Therefore, based upon the foregoing, the Defendant requests that any evidence obtained from the two inventory searches be suppressed and that any evidence derived from what was found by those searches be suppressed.

s/ *W. James Hoffmeyer*
W. JAMES HOFFMEYER
Federal ID No. 6074
125 Warley Street
Florence, South Carolina 29501
(843) 664-0009
(843) 664-0105 *facsimile*
jim@hoffmeyerlaw.com

January 17, 2020

***ATTORNEY FOR DEFENDANT***