IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>JAVON LADONTE SEWARD | CRIMINAL NO.: 4:19-cr-00917-DCC<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS** |

Defendant's motion to suppress (ECF No. 37) the firearms and drugs seized following two lawful traffic stops should be denied because the evidence was seized pursuant to lawfully conducted inventory searches.

On August 8, 2019, an officer with the Andrews Police Department initiated a traffic stop for speeding on a car driven by the Defendant. Two females were passengers in the car. During the course of the traffic stop, officers learned that Defendant's driver's license was suspended and that the car was not insured. Therefore, officers arranged to have the car towed. Prior to having the car towed, an inventory was completed pursuant to the police department's written policy. During the inventory, an officer found a Crown Royal bag containing two sandwich bags with a white powdery substance, believed to be heroin. Defendant was placed in handcuffs and advised he was under arrest. Upon examining the items the Defendant had been holding just prior to being placed under arrest, an officer found a bag containing two firearms, one of which was stolen. Defendant was transported to the police department, and a search of his person revealed a small bag containing a white rock-like substance, believed to be crack cocaine.

On October 9, 2019, a deputy with the Georgetown County Sheriff's Office (GCSO) initiated a traffic stop for speeding on a car driven by the Defendant. One other male was a passenger in the car. During the stop, Defendant stated he did not have a driver's license. The

deputy confirmed through dispatch that the Defendant's driver's license was suspended. Defendant was placed under arrest for driving under suspension and given a traffic ticket for speeding. The deputy arranged to have the car towed, but prior to having the car towed, an inventory of the car was conducted pursuant to the GCSO policy. During the inventory, a deputy located a firearm, which had the serial number removed, in the glove compartment of the car and a magazine containing rounds of ammunition in the rear pouch of the front passenger seat.

The Government asserts that the evidence was lawfully seized, at minimum, pursuant to lawfully conducted inventory searches. "A warrantless search may nevertheless be valid, and the evidence obtained from that search may be admissible, if the search falls within one of the narrow and well-delineated exceptions to the Fourth Amendment's warrant requirement. One such exception, … is the inventory search exception." *United States v. Matthews*, 591 F.3d 230, 234 (4th Cir. 2009) (internal quotation marks and citations omitted). "An inventory search of an automobile is lawful (1) where the circumstances reasonably justified seizure or impoundment, and (2) law enforcement conducts the inventory search according to routine and standard procedures designed to secure the vehicle or its contents." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017) (citing *Colorado v. Bertine*, 479 U.S. 367, 371-76 (1987); and *United States v. Brown*, 787 F.2d 929, 931-32 & n.3 (4th Cir. 1986)).

Defendant's motion does not assert any specific legal argument as the basis for suppression. Therefore, Defendant's motion does not contradict the Government's assertion that the evidence was lawfully seized. Accordingly, Defendant's motion should be denied. The Government will provide further analysis if the Court requests or following a hearing on Defendant's motion or upon the Defendant's filing of a memorandum setting forth the legal argument and basis for the suppression motion.

Respectfully submitted,

A. LANCE CRICK
ACTING UNITED STATES ATTORNEY

By:  s/*Lauren L. Hummel*
Lauren L. Hummel (Fed Id. 12523)
Assistant United States Attorney
401 West Evans Street, Room 222
Florence, South Carolina 29501
843-667-3993
lauren.hummel@usdoj.gov

February 7, 2020

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 4:19-cr-00917-DCC |
| vs. | |
| **JAVON LADONTE SEWARD** | **CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that she, as attorney of record, has caused an employee in the Office of the United States Attorney for the District of South Carolina, to serve a copy of the attached **GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS** via the court's e-noticing system, but if that means failed, then by mailing through the United States mail, postage paid, the same on the following person:

>W. James Hoffmeyer, Esquire
>125 Warley Street
>Florence, SC 29501

>/s/ *Lauren L. Hummel*
>Lauren L. Hummel
>Assistant U.S. Attorney
>(843) 667-3993
>lauren.hummel@usdoj.gov

4