# IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NUMBER 4:19-cr-917-DCC |
| | ) | |
| | ) | |
| v. | ) | REPLY TO GOVERNMENT'S |
| | ) | RESPONSE IN OPPOSITION TO |
| Javon Ladonte Seward, | ) | DEFENDANT'S MOTION SUPPRESS |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Defendant, through undersigned counsel, respectfully replies to the Government's response in opposition to Defendant's motion to suppress as follows:

The Government in their response simply states that there is a written policy for Andrews Police Department and a policy for the Georgetown County Sheriff's Office for inventory searches of vehicles. In a conclusory statement, the Government further alleges that those policies were met and, therefore, both searches were lawful. The Government has provided defense counsel with documents they obtained related to these inventory searches. The documents provided do not set out much, if anything, related to the policies and procedures of the Andrews Police Department or the Georgetown County Sheriff's Office. The Government simply says that both agencies had policies and procedures and that they were followed, so the searches were lawful, without any documentation indicating that policies and procedures were actually followed on the dates in question. Further, there is no evidence of which defense counsel is aware that sets out how on each occasion, those being August 8, 2019 and October 19, 2019, law enforcement specifically met their obligations under *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017)(citing *Colorado v. Bertine*, 479 U.S. 367, 371-76 (1987); and *United States v Brown*, 787 F.2d 929, 931-32, & n.3 (4th Cir. 1986). The Defendant has raised an issue related to

both inventory searches and the Government has not refuted the issues surrounding the searches with any specificity. In any motion to suppress, the Government typically alleges there was a right to search based on probable cause or whatever criteria they may allege, but if the issue is raised and they do not adequately supply evidence of the lawfulness of the search—which they have not done in this case—anything derived from the search should be suppressed.

Therefore, the Defendant respectfully requests that any evidence obtained from the two inventory searches be suppressed and any evidence derived from those searches be suppressed.

The Defendant understands the Court may need to have a hearing on these issues and will be prepared to go forward at that time.

*s/ W. James Hoffmeyer*
W. JAMES HOFFMEYER
Federal ID No. 6074
125 Warley Street
Florence, South Carolina 29501
(843) 664-0009
(843) 664-0105 *facsimile*
jim@hoffmeyerlaw.com

February 26, 2020

***ATTORNEY FOR DEFENDANT***