IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>JAVON LADONTE SEWARD | CRIMINAL NO.: 4:19-cr-00917-DCC<br><br>**GOVERNMENT'S SUPPLEMENTAL<br>RESPONSE TO DEFENDANT'S<br>MOTION TO SUPPRESS** |

The Government submits this supplemental response to Defendant's motion to suppress the evidence obtained during two separate inventory searches of cars driven by Defendant and specifically addresses the inventory search conducted by the Georgetown County Sheriff's Office (GCSO) on October 9, 2019.

During the suppression hearing on July 7, 2020, deputies with the GCSO testified regarding their inventory of a car driven by the Defendant, which they conducted following a traffic stop of the car on October 9, 2019. According to the deputies' testimony, while they complied generally with the GCSO policy on conducting inventory searches, they failed to take photographs of the interior and exterior of the car during the inventory.

In *United States v. Johnson*, 492 F. App'x 437 (4th Cir. 2012) (unpublished), the Fourth Circuit upheld an inventory search of a car as being conducted in good faith according to standardized procedures even though officers failed to record the vehicle identification number ("VIN") or complete an inventory list, although required by the police department's manual as part of a general checklist for impounding vehicles. The Court held that the failure to complete these tasks was reasonable in light of the search's interruption by the discovery of a revolver under the front passenger seat and the flight of two of the suspects, which eventually led to transfer of the custody of the vehicle to another law enforcement agency. *Id.* at 441. The Court held that in light

of the circumstances, the officer's failure to complete those tasks did not invalidate the inventory search or the discovery of the evidence as a result of that search. *Johnson*, 492 F. App'x at 441.

In *United States v. Brown*, 81 F. App'x 457 (4th Cir. 2003) (unpublished), the Fourth Circuit held that the district court did not clearly err in finding an inventory search was done in good faith despite the omission of evidentiary items from the inventory list. The Court found that under the totality of the circumstances, the administrative inventory search was not unreasonable. *Id. See also United States v. White*, 707 F. App'x 766 (4th Cir. 2017) (unpublished) ("While the officer did not list every item found in the vehicle, he generally complied with standard procedures in conducting the search."); *United States v. Stanley*, 4 F. App'x 148, 150 (4th Cir. 2001) (unpublished) (upholding the search of the defendant's car because even if the dog had not alerted on the car, the evidence would have been inevitably discovered in a valid inventory search and "[a]ny omissions from the inventory list created from the search of [the defendant's] car were not sufficient to create an inference of bad faith on the part of police.").

Here, while deputies failed to take photographs of the vehicle during the inventory, they did otherwise document the inventory by completing a tow sheet, which included an inventory section listing items located in the vehicle. The Government submits that the failure to take photographs during the inventory is comparable to the failure to complete an inventory list or the omission of evidentiary items from an inventory list as in the *Johnson* and *Brown* cases. In both *Johnson* and *Brown*, the inventory searches were upheld despite the failure to complete such tasks. Moreover, there is no reason to believe that the deputies acted in bad faith by failing to take photographs. Accordingly, the Government respectfully requests that Defendant's motion to suppress the evidence seized during the inventory search on October 9, 2019, be denied.

Respectfully submitted,

PETER M. MCCOY, JR.
UNITED STATES ATTORNEY

By:  s/*Lauren L. Hummel*
Lauren L. Hummel (Fed. Id. 12523)
Assistant United States Attorney
401 West Evans Street, Room 222
Florence, South Carolina 29501
843-667-3993
lauren.hummel@usdoj.gov

July 12, 2020

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO.: 4:19-cr-00917-DCC |
| vs. | |
| **JAVON LADONTE SEWARD** | **CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that she, as attorney of record, has caused an employee in the Office of the United States Attorney for the District of South Carolina, to serve on July 12, 2020, a copy of the attached **GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS** via the court's e-noticing system, but if that means failed, then by mailing through the United States mail, postage paid, the same on the following person:

> W. James Hoffmeyer, Esquire
> 125 Warley Street
> Florence, SC 29501

> /s/ *Lauren L. Hummel*
> Lauren L. Hummel
> Assistant U.S. Attorney
> (843) 667-3993
> lauren.hummel@usdoj.gov

4